# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**CHRISTOPHER THORNTON,**

    **Plaintiff,**

vs.                                  Case No. 4:18cv165-MW/CAS

**JULIE JONES, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, submitted a hand-written civil rights complaint, ECF No. 1, in late March 2018. However, Plaintiff did not pay the filing fee for this case or file an in forma pauperis motion. An Order was entered directing Plaintiff to do one or the other by May 22, 2018, if he intended to proceed with this case. ECF No. 4. Additionally, because Plaintiff's hand-written complaint was not on a proper complaint form as required by the local rules of this Court, the Clerk of Court was directed to provide Plaintiff a complaint form and Plaintiff was required to file an amended complaint by the same deadline. *Id.* Plaintiff was warned that if he failed to comply with that Order, a recommendation would be made to

dismiss this case. *Id.* As of this date, Plaintiff has not complied. Having been warned of the consequences of failing to comply, this case should be dismissed as Plaintiff has abandoned this litigation.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte for any of the reasons prescribed in Federal Rule of Civil Procedure 41(b)."[1] <u>Ciosek v. Ashley</u>, No. 3:13cv147/RV/CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . ." <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 630, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962) (quoted in <u>Betty K Agencies, Ltd. v. M/V MONADA</u>, 432 F.3d 1333, 1337 (11th Cir. 2005)). In addition, the local rules of this Court provide that if "a party fails to comply with . . . a court order, the Court may strike a pleading, dismiss a claim, enter a default on a

---

[1] Rule 41(b) provides that if a "plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule-except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19-operates as an adjudication on the merits." FED. R. CIV. P. 41(b).

Case No. 4:18cv165-MW/CAS

claim, rake other appropriate action, or issue an order to show cause why any of these actions should not be taken." N.D. Fla. Loc. R. 41.1. This case should now be dismissed for failure to prosecute and comply with a Court Order.

## Recommendation

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with court orders and all pending motions be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on June 4, 2018.

   S/     Charles A. Stampelos
**CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**